UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVE CATHCART, JOHN ALFANO, JEFF
VRABLE, DAVID FITZGERALD, ROBERT
ANGST, MARK FRANZ, RODNEY
KULHANEK, RICHARD BEELER, GLEN       CIVIL CASES NO. 06-12736,
KELBEY, JOHN BENKERT, RONNY          06-12737, 06-12738, 06-12739,
WOODCOCK, GREG MCKENZIE, NORMAN      06-12740, 06-12741, 06-12742,
SCHRAMM, MICHAEL ZUBEK, STEVE        06-12743, 06-12744, 06-12745,
GORTE, GERALD SCHRANK, and JEFFREY   06-12746, 06-12747, 06-12748,
POLSINELLI,                          06-12749, 06-12750, 06-12751,
                                     06-12752
            Plaintiffs,

v.                                   HONORABLE PAUL V. GADOLA
                                     U.S. DISTRICT COURT
SYSCO FOOD SERVICES OF DETROIT,

            Defendant.
_____/

**ORDER GRANTING PLAINTIFFS' MOTIONS FOR REMAND**

Plaintiffs first filed the above-numbered individual cases against Defendant Sysco Food Services in Genesee County Circuit Court on May 10, 2006. Represented by one counsel, the seventeen Plaintiffs filed suit against their former employer, Defendant. Defendant removed Plaintiffs' cases to federal court by seventeen separate notices of removal filed on June 21, 2006. All Plaintiffs filed identical motions for remand, which are now before this Court. For the reasons stated below, the motions for remand are granted.

The complaint of each Plaintiff contains one count alleging a violation of Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"), M.C.L. § 37.2101 *et seq.* Plaintiffs allege age discrimination in violation of ELCRA against Defendant when Defendant terminated Plaintiffs' employment.

In support of the removal of the litigation to federal court, Defendant argues that Plaintiffs are also stating causes of action for breach of contract. Since the employment contracts between Plaintiffs and Defendant involve a collective bargaining agreement ("CBA"), Defendant argues that Plaintiffs' claims are preempted by § 301 of the federal Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185 *et seq.*, because Plaintiffs' claims require an interpretation of the CBA. In support of its argument, Defendant notes that Plaintiffs' complaint quotes excerpts from the CBA. Accordingly, Defendant argues that the litigation is properly in federal court.

In opposition to Defendant's argument, Plaintiffs argue that they are not bringing breach of contract claims and that the LMRA does not preempt their state age discrimination claims. Plaintiffs argue that certain provisions of the CBA are cited only to demonstrate that Defendant's reasons for terminating Plaintiffs' employment were pretextual and discriminatory. Plaintiffs thus argue that there is no federal preemption and that their cases should be remanded to state court.

"The Supreme Court has held many times that § 301 of the LMRA requires that all claims, state or federal, whose resolution depends on the interpretation of a collective bargaining agreement be preempted by federal law." *O'Shea v. Detroit News*, 887 F.2d 683, 686 (6th Cir. 1989) (citing *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 209 (1985)). However, not "every state-law suit asserting a right that relates in some way to a provision in a collective bargaining agreement . . . necessarily is preempted by § 301." *Smolarek v. Chrysler Corp.*, 879 F.2d 1326, 1330 (6th Cir. 1989) (quoting *Allis-Chalmers Corp.*, 471 U.S. at 220). When the claim is an independent state law claim not requiring interpretation of the CBA, there is no federal preemption. *See DeCoe v. GMC*, 32 F.3d 212, 216 (6th Cir. 1994) ("If the right [claimed by the plaintiff] both is borne of state law

and does not invoke contract interpretation, then there is no preemption.").

After reviewing Plaintiffs' complaints, the Court finds that Plaintiffs are alleging age discrimination claims and not claims of breach of the CBA. Plaintiffs' age discrimination claims are independent state law claims. They neither arise out of the CBA, nor do they necessitate an interpretation of the CBA. Therefore, § 301 of the LMRA does not preempt Plaintiffs' claims. *See id.* Since, there is no basis for federal jurisdiction, Plaintiffs' requests for remand back to state court are appropriate. *See* 28 U.S.C. § 1447.

Plaintiffs have also filed motions for sanctions against Defendant requesting attorney fees. Plaintiffs argue that Defendant's removals to federal court are frivolous, and therefore, pursuant to Federal Rule of Civil Procedure 11, sanctions are appropriate. Defendant argues that the removals have a basis in law and are nonfrivolous. After considering the relevant submissions by the parties, the Court finds that, under the circumstances, sanctions are not warranted. The Court thus denies Plaintiffs' requests for sanctions.

Defendant has also filed motions to consolidate the seventeen cases under one lead case. Because the cases will be remanded to state court, Defendant's motions to consolidate are rendered moot.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Plaintiffs' motions for remand are **GRANTED** and the cases numbered in the caption above are **REMANDED** to **GENESEE COUNTY CIRCUIT COURT.**

**IT IS FURTHER ORDERED** that Plaintiffs' motions for sanctions are **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's motions to consolidate are **DENIED AS**

**MOOT**.

**SO ORDERED.**

Dated:   October 27, 2006            s/Paul V. Gadola
                                                       HONORABLE PAUL V. GADOLA
                                                       UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on    October 27, 2006   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
     Gary C. Ankers; Russell C. Babcock; Victor J. Mastromarco, Jr.; Erin J. Stovel; Jack VanHoorelbeke                                                                                         , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                                                         .

                                                       s/Ruth A. Brissaud
                                                       Ruth A. Brissaud, Case Manager
                                                       (810) 341-7845